14  7048

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Raghu Duggirala

**DEFENDANTS**
Infosys Technologies, Ltd.

**(b) County of Residence of First Listed Plaintiff** Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Collin County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) Attorneys** *(Firm Name, Address, and Telephone Number)*
Reginald Allen, Esq., 7601 Crittenden St, F12, Phila, PA 19118, (215) 242-3875

**Attorneys** *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. S 2000 et al. Title VII

Brief description of cause: Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** over $300,000.00

**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE: 12/11/14

SIGNATURE OF ATTORNEY OF RECORD: Reginald Allen

DEC 12 2014

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2200 Benjamin Franklin Parkway, Unit E311, Philadelphia, PA 19130

Address of Defendant: 6100 Tennyson Parkway, Ste. 200, Plano Texas 75024

Place of Accident, Incident or Transaction: Milwalke Wisconson, United States
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Employment Discrimination

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Reginald Allen, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/11/14        Reginald Allen                77083
                      Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/11/14        Reginald Allen                77083
                      Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

DEC 12 2014



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Raghu Duggirala           :          CIVIL ACTION
    v.                    :
Infosys Technologies, Ltd.:          NO.  14  7048

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                (X)

12/11/14        Reginald Allen              Raghu Duggirala
Date            Attorney-at-law             Attorney for

(215) 242-3875  (267) 323-2037              Reginald.Allen89@comcast.net
Telephone       FAX Number                  E-Mail Address

(Civ. 660) 10/02

DEC 12 2014

$400.00

SD

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAGHU DUGGIRALA<br>2200 BENJAMIN FRANKLIN<br>PARKWAY, UNIT E311<br>PHILADELPHIA, PA 19130<br><br>V.<br><br>INFOSYS TECHNOLOGIES LTD.<br>6100 TENNYSON PARKWAY,<br>STE. 200<br>PLANO, TEXAS 75024 | : CIVIL ACTION NO. 14   7048<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COMPLAINT

JURISDICTION

1. This matter is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended (Title VII) and the Pennsylvania Human Relations Act (PHRC). Jurisdiction is based on 28 U.S.C. 1332 for diversity of citizenship and also on 28 U.S.C. S 1331; damages recoverable exceed the sum of $75,000 (seventy five thousand dollars), exclusive of interests and costs. Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Raghu Duggirala (from hereinafter, "plaintiff") is a resident of the Commonwealth of Pennsylvania and currently resides at the address in the caption above.

3. Defendant, Infosys Technologies, Ltd. (from hereinafter, "defendant") is a corporation, which has a principal place of business at the address in the caption above; Defendant does substantial business in the Commonwealth of Pennsylvania.

## ADMINSTRATIVE AGENCY REQUIREMENTS

4. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), which was amended, which was cross filed with the Pennsylvania Human Relations Commission (PHRC) at EEOC Charge Number 443-2013-00037 and received a right to sue letter dated September 29, 2014.

## FACTUAL ALLEGATIONS

5. Plaintiff began working for defendant on/around March 15, 2010, as a principal consultant – plaintiff worked out of defendant's Milwaukee, Wisconsin location, and was qualified for the position; plaintiff is of Indian national origin and the Asian race.

6. On/around April 29, 2010, plaintiff started working with Syngenta as a security lead – the assignment provided for a fly back policy.

7. As or around June 15, 2010, defendant had not properly released the resources plaintiff required for his assignment referred to in paragraph 6 above – plaintiff had worked substantial hours on the project.

8. Despite plaintiff's excellent performance on the Syngenta project, his named was omitted from a final appreciation email for the project, although plaintiff was primarily responsible for the project's delivery.

9. On/around October 10, 2013, plaintiff was given a performance review from his manager which contained negative and false critiques of his performance – the issue was referred to an arbitration panel for review.

10. On/around November 10, 2010, the arbitration panel referred to above, determined that the performance review would be revised.

11. On/around November 10, 2010, Syngenta contacted plaintiff for his availability, however defendant refused to consider plaintiff for the assignment and posted it for other of its employees to be considered.

12. On/around December 10, 2010, plaintiff visited India to provide training for boot camp.

13. On/around March 2011, defendant again gave plaintiff a false and negative performance appraisal.

14. Plaintiff opposed the March 2011 appraisal and it was referred to the arbitration panel.

15. On/around May 2011, the arbitration panel revised the March 2011 performance appraisal.

16. On/around June 2011, defendant began a concerted plan of harassment and retaliation against plaintiff, motivated by his challenge to the above referenced false performance appraisals – this harassment included moving plaintiff to another group, which was not in his core skills, and intentionally not training him on the new skills required for the work, and keeping him on bench status.

17. Defendant refused to assign plaintiff to openings that matched his core skills; later on/around November 2011, plaintiff was assigned to the Newmont mining project as a senior tester – although the project involved a totally new area for plaintiff, he gave his best efforts and learned the applicable skills for the assignment.

18. In/around June 2012, plaintiff was given false and negative feedback on his performance review even though he was doing multiple tasks as a

senior tester, project manager and was doing functional consulting work.

19. In August 2012, as a result of the incorrect performance review and negative feedback therein, referred to in paragraph 18 above, plaintiff was moved to a new skills area and assigned to the Harley-Davidson project.

20. In August 2012, plaintiff's appraisal manager threated him that he would be subjected to adverse actions without warning.

21. During the month of September 2012, plaintiff was subjected to ongoing harassing behavior from his project manager, Lee Stewart – plaintiff endured the treatment based on the threat referred to above, and his belief that if he complained or opposed the conduct, he would be subjected to harsher retaliation.

22. On September 30, 2012, while plaintiff was commuting via air plane on a return trip to his worksite from home, Lee Steward cursed him, using the "F" word, and demanded that he get off the flight immediately, in contravention of defendant's approved travel request.

23. On September 30, 2012, plaintiff complained to defendant's human resources panel of defendant's conduct described in paragraphs 21-22

above, but defendant refused to take any corrective action and refused to discipline Mr. Stewart.

24. On October 10, 2012, plaintiff filed an EEOC charge of discrimination based on his national origin, race and retaliation, citing Lee Stewart's conduct described above, including that Stewart used inappropriate and vulgar language in speaking to plaintiff, denied his leave requests, threatened his job, and once falsely told him that he was terminated – human resources was made aware of Stewart's conduct, but refused to take any corrective action; plaintiff further alleged that he was denied the same benefits as his similarly situated employees who were not of his national origin and/or race, and those who had not previously complained of harassment/discrimination to defendant.

25. On October 12, 2012, plaintiff was removed from the Harley-Davidson project, despite the fact that the Harley-Davidson manager was pleased with his work.

26. On January 10, 2013, plaintiff filed a first amended EEOC charge to the charge he filed on October 10, 2012.

27. In April 2013, plaintiff was assigned to another project with the Depository Treasury Clearing Corporation, in a different role as he had with Harley-Davidson.

28. Plaintiff's client manager for the Depository Treasury Clearing Corporation ("Depository Treasury") indicated that he was pleased with plaintiff's performance and had informed defendant of his appreciation for plaintiff's work.

29. In August 2013, defendant placed plaintiff on a performance improvement plan ("PIP") based on a false and negative performance appraisal which was based on Lee Stewart's retaliatory, false input, and which was endorsed by the second level manager – both men are Caucasian.

30. The PIP referred to in paragraph 29 above, was one sided, as defendant had done no performance review with plaintiff prior to giving the appraisal.

31. In August 2013, plaintiff requested the performance appraisal be reviewed and revised, defendant obliged his request, but the appraisal was not revised or modified even though defendant was provided with

the Harley-Davidson client manager appreciations, which were evidence that the appraisal was incorrect.

32. In September 2013, the arbitration panel reviewed his performance appraisal, but refused to change the ratings.

33. In September 2013, defendant' human resources, the arbitration panel and his manager admitted that the ratings plaintiff was given on his August 2013 performance appraisal were allowed to stand, even though plaintiff was denied a formal appraisal meeting as required by defendant's policy/procedure; as a result of defendant's staunch refusal to change the appraisal and placing plaintiff on an unjustified PIP, plaintiff suffered severe mental agony.

34. In October 2013, defendant required plaintiff to complete a certification, for his work assignment, although no such certification was required by defendant's company policy as per defendant's job role – however the PIP panel and plaintiff's bench manager required it.

35. In November 2013, plaintiff passed his certification examination and completed the tasks required by his PIP, however defendant refused to take him off of the PIP.

36. As a result of defendant keeping plaintiff on a PIP, he was not considered for projects for which he was well qualified and which were available in November/December 2013.

37. On January 9, 2014, plaintiff was selected for a position within his original skill set – he waited for approximately a month for a start date, when defendant released him from the project, indicating that the project start date was delayed indefinitely; on the same date, plaintiff's bench manager told him that he should find a project within 30 days.

38. On January 9, 2013, defendant told plaintiff that he must search the internal openings by himself and place himself, otherwise he would be terminated – defendant does not use this procedure for similarly situated personnel outside of plaintiff's protected classes, including for Caucasian personnel, and personnel who have not previously complained against it of discrimination and/or retaliation.

39. As of January 14, 2014, plaintiff had fulfilled all of defendant's alleged requirements to obtain a new assignment – which were based on intentionally false information.

40. On January 16, 2014, plaintiff was considered for a project with Pfizer in Philadelphia, his residence, by the project manager, but plaintiff's bench

manager refused to allow him to take the assignment, although he was qualified for the assignment.

41. On February 3, 2014, plaintiff found another project for which he was qualified, and for which the project onsite manager had indicated an interest in hiring him, but defendant again denied his assignment for the project.

42. After the action described in paragraph 41 above, on/around February 9, 2014, plaintiff made an internal complaint to defendant's human resources division, alleging that he was being subjected to retaliation.

43. From the time of plaintiff's first amended EEOC charge until February 9, 2013, defendant subjected plaintiff to ongoing discrimination, including giving him false performance ratings, placing him on a PIP, which was unwarranted and done in violation of defendant's procedures, subjecting him to false allegations, denying him leave, and repeatedly denying him work assignments for which he was qualified.

44. On February 14, 2014 defendant terminated plaintiff's employment, stating the reason that plaintiff was not assigned to a project, although there were open positions matching plaintiff's skills and defendant was hiring other personnel for similar positions – defendant intentionally

sabotaged and blocked plaintiff's attempts obtain a project for the purpose of terminating his employment.

45. After plaintiff's termination, he filed his second amended EEOC charge.

46. Defendant's actions against plaintiff described above, were based on his national origin and/or race and/or retaliation for his internal complaints of discrimination and/or his external charge (and amendment thereof) to the EEOC.

47. As a result of defendant's actions, plaintiff suffered economic harm and severe emotional distress.

COUNT ONE – DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

48. Plaintiff incorporates paragraphs 1-47 above as though fully set forth herein.

48. Plaintiff is of the Asian race, which was known by defendant at all times relevant to this complaint.

49. Plaintiff was qualified for his employment at all times relevant to this complaint.

50. Defendant's intentional acts described above, including but not limited unfair and false performance appraisals, denial of assignments, denial of leave, and termination were based on his race – similarly situated

personnel as plaintiff, who were not of the Asian race were treated more favorably than plaintiff with respect to their terms and conditions of employment, including not be fired on a pretextual basis.

51. As a result of defendant's actions, plaintiff suffered economic harm and severe emotional distress, which was the intended effect of defendant's actions.

Wherefore, plaintiff requests judgment in his favor against defendant and requests the following relief:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages;

   d. Punitive damages;

   e. Attorney's fees and costs;

   f. Any other relief the Court deems appropriate.

COUNT TWO – DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII

52. Plaintiff incorporates paragraphs 1-51 above as though fully set forth herein.

53. Plaintiff is of Indian national origin, which was known to defendant at all times relevant to the allegations of this complaint.

54. Defendant's actions described above, including but not limited to unfair and false performance appraisals, denial of assignments, denial of leave and termination, were based on plaintiff's national origin – similarly situated personnel who were not of Indian national origin were treated more favorably than plaintiff with respect to their terms and conditions of employment, including not being fired on a pretextual basis.

55. As a result of defendant's actions, plaintiff suffered economic harm and severe emotional distress, which was the intended effect of defendant's actions.

Wherefore, plaintiff requests judgment in his favor and against defendant and requests the following relief:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Punitive damages;

    e. Attorney's fees and costs;

    f. Any other relief the Court deems appropriate.

COUNT THREE – HOSTILE WORK ENVIRONMENT BASED ON RACE AND/OR NATIONAL ORIGIN IN VIOLATION OF TITLE VII

56. Plaintiff incorporates paragraphs 1-55 above, as though fully set forth herein.

57. Defendant's intentional actions described above, including subjecting him to ongoing harassment, verbal abuse, repeated false and negative appraisals, denial of assignments, defaming plaintiff's performance, denial of deserved accolades, degrading and demeaning language, were severe and pervasive and subjected plaintiff to a hostile work environment based on either or both plaintiff's race and/or national origin.

58. Defendant's actions against plaintiff were severe and pervasive and altered the terms and conditions of his employment and caused him severe harm, including severe emotional distress and injury.

59. Plaintiff found defendant's actions and conduct highly offensive and a reasonable person would find such actions highly offensive.

Wherefore, plaintiff requests judgment in his favor and against defendant and requests the following relief:

    a. Compensatory damages;

   b. Punitive damages;

   c. Attorney's fees and costs;

   d. Any other relief the Court deems appropriate.

COUNT FOUR – RETALIATION IN VIOLATION OF TITLE VII

60. Plaintiff incorporates paragraphs 1-59 above as though fully set forth herein.

61. Plaintiff filed an EEOC charge against defendant, which was amended twice – within the charge and its amendment, he cited defendant's previously discriminatory actions against him based on his race and/or national origin and/or based on retaliation for his prior internal and/or external complaints – all protected activity.

62. Plaintiff repeatedly complained to defendant, through its human resources department and/or management, that he was being discriminated against based on his race and/or national origin and/or because of his previous complaints.

63. Defendant subjected plaintiff to adverse actions, including denial of assignments, undesired transfers, false and negative performance appraisals and termination of his employment based on his protected activity, including making an EEOC charge (and amending it), making

internal complaints of discrimination and/or retaliation and opposing discrimination and/or retaliation to defendant's management – there is a causal relationship between plaintiff's protected activity and defendant's adverse actions against him.

64. As a result of defendant's retaliatory actions, plaintiff suffered economic harm, and severe emotional distress.

Wherefore, plaintiff requests judgment in his favor against defendant and requests the following relief:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages;

   d. Punitive damages;

   e. Attorney's fees and costs;

   f. Any other relief the Court deems appropriate.

COUNT V – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates paragraphs 1-64 above as though fully set forth herein.

66. Defendant's actions described above constitute violations of the Pennsylvania Human Relations Act, including discrimination based on race and national origin and retaliation.

Wherefore, plaintiff requests judgment in his favor and against defendant and requests the following relief:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages;

   d. Any other relief the Court deems appropriate.

Respectfully submitted,

*Reginald Allen*
Reginald Allen, Esquire